IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| H.S., a minor, BY NEXT FRIEND SHANIAH PALMER, and MARALINA DICKERSON,<br><br>Plaintiff,<br><br>v.<br><br>FEDEX GROUND PACKAGE SYSTEM, INC.,<br><br>Defendant. | Case No.: 2:22-cv-2175 |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 & 1446, Defendant FedEx Ground Package System, Inc., ("FedEx Ground") by and through undersigned counsel, hereby removes Case No. 2022-CV-01860 (the "State Court Action") from the District Court of Johnson County, Kansas to the United States District Court for the District of Kansas on the ground that jurisdiction exists under 28 U.S.C. § 1332(a)(1). In support of removal, Defendants state as follows:

1. On April 18, 2022, Plaintiff H.S. (decedent Dade Smith's minor child) represented by next friend Shaniah Palmer, and Plaintiff Maralina Dickerson, the mother of decedent Dade Smith, filed their Petition in the District Court of Johnson County, Case No. 2022-CV-01860 naming FedEx Ground as the Defendant (Ex. A, District Court File).

2. Defendant FedEx Ground was served with the Petition through its Registered Agent in Kansas, The Corporation Company, Inc, by certified mail. (Ex. A, District Court File), on April 22, 2022.

3. Upon information and belief, Plaintiff Dickerson is a citizen of Kansas, and Plaintiff H.S. through next friend Shaniah Palmer is a citizen of Vermont. Upon information and

belief, neither Plaintiff Dickerson nor Plaintiff H.S. through next friend Shaniah Palmer are citizens of Delaware or Pennsylvania.

4. A corporation's citizenship for the purposes of diversity jurisdiction is: (1) the state of incorporation, and (2) the state where the corporation's principal place of business is located. 28 U.S.C. § 1332(c)(1).

5. A corporation's principal place of business is the place where its officers direct, control, and coordinate the corporation's activities. *Hertz Corp. v. Friend*, 599 U.S. 77, 92-93 (2010). Normally, it is where the corporation maintains its headquarters, i.e. the "nerve center." *Id*.

6. Defendant FedEx Ground has been found to be "a citizen of Pennsylvania for purposes of federal court diversity jurisdiction." *Hart v. FedEx Ground Package System, Inc.*, 457 F.3d 675, 676 (7th Cir. 2006).

7. A search on the SEC Edgar Filing Tracker indicates that FedEx Ground is incorporated in the State of Delaware. (Ex. B, SEC Information for FedEx Ground).

8. Accordingly, FedEx Ground is a Delaware corporation with its principal place of business in Pennsylvania.

9. At the time this action commenced and at all times since, Plaintiffs and Defendant are and remain citizens of different states.

10. To confer subject matter jurisdiction on this Court based on diversity jurisdiction, the amount in controversy must exceed $75,000, exclusive of interest and costs. 28 U.S.C. 1332(a).

11. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," but the notice need not contain

evidentiary submissions. *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81 (2014) (citing 28 U.S.C. § 1446(a)).

12. To satisfy the amount-in-controversy requirement, a defendant has never been historically required to show that damages are greater or will likely prove greater than the diversity threshold. *Hammond v. Stamps.com Inc.*, 844 F.3d 909, 911–12 (10th Cir. 2016) (citations omitted). Instead, the only thing that a defendant needs to show is that a fact finder might legally conclude that damages exceed the required amount. *Id.* at 912.

13. Plaintiffs are claiming that Defendant is responsible for the wrongful death of Decedent Dade Smith. Plaintiffs allege that they suffered damages including medical care, economic damages, non-economic damages, emotional distress, loss of services, loss of son/parent, and loss of income.

14. Accordingly, a fact finder might legally conclude that the damages sought are greater than $75,000.00. Therefore, this is a civil action over which the District Courts of the United States have original jurisdiction under diversity of citizenship under 28 U.S.C. § 1332 (a)(1).

15. Removal of this action is not prohibited by any federal statute.

16. Attached as Exhibit A are all process, pleadings, orders, and other documents on file in the District Court of Johnson County, Kansas and served on these Defendants.

17. After filing this Notice of Removal, Defendant will file a copy of this pleading with the Clerk of the District Court of Johnson County, Kansas, and with counsel for all other parties.

18. If any questions arise as to the propriety of the removal of this action, Defendant respectfully requests the opportunity to present a brief and oral argument in support of its position that this action is removable.

WHEREFORE, Defendant by and through counsel, and through the filing of this Notice of Removal, the giving of written notice thereof to Plaintiff, and the filing of a copy of this Notice of Removal with the Clerk of the District Court of Johnson County, Kansas, effects the removal of said civil action to this Honorable Court.

This 11th day of May 2022.

Respectfully submitted,

MCANANY, VAN CLEAVE & PHILLIPS, P.A.

/s/ Alan T. Fogleman
Byron A. Bowles, #16579
Alan T. Fogleman, #25004
Brian M. Israel, #29279
10 E. Cambridge Circle Drive, Suite 300
Kansas City, KS 66103
Ph: (913) 371-3838
Fx: (913) 371-4722
byron@mvplaw.com
afogleman@mvplaw.com
bisrael@mvplaw.com

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

       The undersigned hereby certify that on the 11th day of May 2022, the above and foregoing was filed with the Clerk of the Court via the Court's electronic filing system, which will serve electronic notification of such filing on the following counsel of record:

Thomas J. Porto, #26214
Mark Schloegel, #26349
THE POPHAM LAW FIRM
712 Broadway, Suite 100
Kansas City, Missouri 64105
T: (816) 221-2288
F: (816) 221-3999
tporto@pophamlaw.com
mark@pophamlaw.com

                                                  /s/ Alan T. Fogleman
                                                  ATTORNEYS FOR DEFENDANT