22CV01860
Div6

## IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS

| | | |
|---|---|---|
| **H.S., a minor, by Next Friend** ) | | |
| **Shaniah Palmer** ) | | |
| ) | | |
| And ) | | |
| ) | | |
| **Maralina Dickerson,** ) | Case No: | |
| ) | | |
| Plaintiffs, ) | Division: | |
| ) | | |
| v. ) | **DEMAND FOR JURY TRIAL** | |
| ) | | |
| **FedEx Ground Package System, Inc.** ) | | |
| **Serve Registered Agent:** ) | | |
| The Corporation Company ) | | |
| 112 SW 7th Street ) | | |
| Suite 3C ) | | |
| Topeka, Kansas 66603 ) | | |
| ) | | |
| Defendants. ) | | |

### PETITION FOR WRONGFUL DEATH

COMES NOW Plaintiffs, H.S. by next friend Shaniah Palmer, and Maralina Dickerson by attorneys, and for their cause of action against Defendant, state and alleges as follows:

### PLAINTIFFS

1. Plaintiff H.S. (decedent Dade Smith's minor child) is represented by next friend Shaniah Palmer (H.S.'s mother). H.S. is the natural son of Dade Smith, deceased.

2. Plaintiff Maralina Dickerson, is the mother of decedent Dade Smith, and is a resident of Spring Hill, Miami County, Kansas.

### DEFENDANT

3. Defendant FedEx Ground Package System, Inc. (hereinafter "FedEx") is registered Kansas corporation doing business in Johnson County Kansas and can be served at the Corporation Company located at 112 SW 7th St., Suite 3c, Topeka, Kansas 66603.

*Clerk of the District Court, Johnson County Kansas*
*04/18/22  12:52pm ST*



## JURISDICTION AND VENUE

4. Venus is proper and the Court has personal jurisdiction as the negligent acts, omissions, and injuries giving rise to this action occurred in Johnson County, Kansas.

## AGENCY

5. All actions and failures to act of the employees, agents, and servants of Defendant FedEx were performed within the scope and course of their employment or agency working for in furtherance of the Defendant FedEx, under the direction and control of Defendant FedEx, and thus Defendant FedEx is liable for the actions and failures of said persons.

## FACTS AND ALLEGATIONS

6. Decedent Dade Smith (hereinafter "Decedent") was an employee of Defendant FedEx at all relevant times.

7. Decedent worked at the FedEx Ground location at 22525 W. 167th Street, Olathe, Johnson County, Kansas 66062.

8. Ruben Rodriguez was also an employee at the same FedEx location at all relevant times.

9. Rodriguez has an extensive traffic violation history which has caused his Kansas driver's license to be suspended on multiple occasions. Mr. Rodriquez's Kansas driver's license was suspended at the time of the accident at issue.

10. Rodriguez also has an extensive criminal history which includes the following:

   a. On April 8, 2006, Rodriguez was arrested for misdemeanor possession of marijuana. This charge was later dismissed by the Johnson County District Attorney.

    b. On January 06, 2015, Rodriguez was arrested for felony aggravated assault on a law enforcement officer and misdemeanor fleeing/eluding a police officer. He plead guilty to the amended felony charge of aggravated assault and the misdemeanor fleeing/eluding a police officer and was sentenced to spend time in the Kansas Department of Corrections.

    c. On April 19, 2015, Rodriguez was arrested for misdemeanor driving with a suspended license. He plead guilty to this charge.

    d. On December 06, 2017, Rodriguez was arrested for felony possession of a controlled substance after officers found cocaine, methamphetamine and marijuana in his vehicle. He plead guilty to the amended charge of possession of drug paraphernalia.

    e. On May 23, 2018, Rodriguez was arrested for felony possession of opiates, felony criminal possession of a weapon by a felon, misdemeanor fleeing or attempt to elude a law enforcement officer, and misdemeanor interference with law enforcement officer. He plead guilty to felony possession of opiates.

    f. On October 16, 2021, Rodriguez was arrested for felony possession of methamphetamine, felony possession of weapons, and misdemeanor driving while suspended. These charges are currently pending in the Johnson County District Court.

    g. On November 30, 2021, Rodriguez was arrested for felony theft. This case is currently pending in the Johnson County District Court.

11.   Defendant FedEx hired Rodriguez despite his criminal history including charges involving violence and drugs the very same year in which they hired him.

12. Rodriquez exhibited dangerous and violent behavior while employed by Defendant.

13. On November 18, 2021, a violent and dangerous altercation took place between Decedent and Rodriguez during work hours.

14. Following this altercation, the on-duty supervisor, Brian Boxwell, sent Decedent and Rodriguez home.

15. Thereafter, the dispute between defendant's employees continued into the parking lot.

16. Decedent went to his motorcycle and proceeded to leave when he encountered Rodriguez in his vehicle outside defendant's facility.

17. Rodriguez ran over Decedent with his vehicle outside the FedEx location wherein Rodriguez and Decedent worked.

18. As a result, Dade Smith died.

## Count I – Negligence

Plaintiffs incorporate all previous allegations as if fully set forth herein.

19. At all times relevant, Defendant's employees, including Rodriguez, were acting within the course and scope of their employment with Defendant FedEx.

20. At all times relevant, Defendant's employees, including Rodriguez, were acting in furtherance of the Defendant FedEx business or the interest of the FedEx under authority and direction.

21. Defendant, and its employees, owed duties of care to Decedent.

22. Defendant, and its employees, breached their duties of care.

23. Defendant, and its employees, breached their duties and was negligent, careless, and/or reckless, including, among others:

Case 2:22-cv-02175-KHV-GEB   Document 1-1   Filed 05/11/22   Page 5 of 9

    a. Negligently, recklessly, and carelessly operating a motor vehicle at a high and dangerous rate of speed that was inappropriate under the circumstances,

    d. Negligently, recklessly, and carelessly failing to keep a careful lookout for other vehicles,

    e. Negligently, recklessly, and carelessly failing to brake or slow down or stay in the proper lane,

    f. Negligently, recklessly, and carelessly failing to keep control of the vehicle,

    g. Negligently, recklessly, and carelessly failing to give Decedent sufficient space on the road or take appropriate evasive actions to avoid collision,

    h. Negligently, recklessly, and carelessly failing to yield to Decedent, or moving left to avoid Decedent's vehicle,

    i. Negligently, recklessly, and carelessly swerving and crossing traffic lines,

    j. Negligently, recklessly, and carelessly failing to stop and/or swerve and/or sound a warning before slamming into Decedent,

    k. Negligently, recklessly, and carelessly violating the rules of the road,

    l. Operating a motor vehicle in a reckless manner in violation of Kansas law, and specifically, Kansas Revised Statute §8-1566, constituting negligence per se.

24. Defendants' conduct, and negligence, caused, contributed to cause, and resulted in the death of Decedent.

25. As a direct and proximate result of the negligence, carelessness and recklessness of the Defendants as set forth above, Plaintiffs have endured pain and suffering and will continue to endure pain and suffering because of the crash and injuries described herein and have incurred medical bills because of the hospitalization, medical care, and other treatment

*Clerk of the District Court, Johnson County Kansas*
*04/18/22  12:52pm ST*

necessary because of the Defendants' gross negligence and other wrongdoing. Plaintiffs have also incurred funeral/burial expenses. In addition, Plaintiffs have suffered and will continue to suffer ongoing emotional distress due to the loss of Decedent and the manner in which they lost Decedent. Furthermore, Minor Plaintiff H.S. will suffer loss of financial support, parental guidance and emotional support due to Decedent's untimely death.

26. Defendants acted with complete indifference to or a conscious disregard for the safety of decedent. The negligence of Defendants was willful, wanton, or malicious and constituted gross misconduct, and demonstrated a conscious and reckless disregard for the rights of Plaintiffs.

WHEREFORE, Plaintiffs prays for judgment against the Defendants, and each of them, in an amount in excess of jurisdictional minimums, for court costs and expenses incurred as a result of needing to pursue this cause of action, for past and future medical care, for all economic damages allowed, for all non-economic damages allowed, for all lost income now and into the future and for such other and further relief as the Court deems just and proper under the circumstances.

### Count II – Negligent Hiring, Supervision, and Retention

Plaintiffs incorporate all previous allegations as if fully set forth herein.

27. Defendant FedEx made the decision to hire, retain, supervise, and employ Rodriguez.

28. Defendant FedEx paid Rodriguez money as an employee.

29. Defendant FedEx negligently hired, retained, monitored, and supervised Rodriguez despite knowing of Rodriguez's criminal history and dangerous proclivities.

30. Defendant FedEx supervised and monitored Rodriguez during his employment with the FedEx Ground Packaging System, Inc.

31. Defendant FedEx has a duty to hire, monitor, retain and supervise employees, like Rodriguez, to ensure the safety and welfare of others, like Decedent, and to minimize the risk of danger and harm to others.

32. Defendant FedEx, and its employees and agents were aware of Rodriguez's criminal history, drug use and violent/dangerous tendencies.

33. Defendant FedEx, and its employees and agents, should have known of Rodriguez's criminal history, drug use and violent/dangerous tendencies.

34. Defendant FedEx, and its employees and agents, knew of or should have known of the risk of Rodriguez causing harm and injury to others, particularly decedent given their recent history of dangerous and violent altercation.

35. Defendant breached their duties, including by:

   a. Hiring and retaining Rodriguez despite his criminal history and dangerous propensities,

   b. Failing to take reasonable steps to prevent Rodriguez from causing harm to others after the altercation with decedent,

   c. Failing to provide adequate supervision of Rodriguez,

   d. Failing to properly monitor Rodriguez,

   e. Failing to hold Rodriguez accountable for misconduct,

   f. Failing to adequately discipline Rodriguez for misconduct,

   g. Failing to adequately investigate Rodriguez's history of misconduct and dangerous propensities and/or ignoring such,

h. Failing to warn others, including FedEx personnel, regarding Rodriguez's dangerous proclivities,

i. Continuing to employ Rodriguez despite his history,

j. Failing to take adequate or reasonable steps to protect others, like Decedent, from Rodriguez, and/or,

k. Failing to adequately separate decedent and Rodriquez,

l. Allowing decedent and Rodriquez to exit defendant's facility at or near the same time,

m. Allowing the dispute between Rodriquez and decedent to continue into defendant's parking lot,

n. Failing to prevent the altercation between decedent and Rodriquez from continuing after they left defendant's building,

o. Failing to terminate Rodriguez.

36. Rodriguez's misconduct and the crash that resulted in Decedent's death was consistent with the dangerous proclivities that Rodriguez exhibited by his prior.

37. Rodriguez's history and conduct created a foreseeable and predictable risk of harm to others, which Defendant FedEx knew of or should have known.

38. Defendant FedEx conduct, acts, and omission set in motion the chain of circumstances leading up to the crash which resulted in Decedent's death.

39. Defendant's negligence was the proximate cause of Decedent's death and was the reasonable and probable consequence of the Defendant's acts and/or omissions.

40. Defendant's conduct caused, contributed to cause, and proximately caused, Decedent's death.

41. As a result of Defendants' conduct, Plaintiffs suffered and continue to suffer damages as described herein.

42. Defendant acted with complete indifference to or a conscious disregard for the safety of others. The negligence of Defendant was willful, wanton, or malicious and constituted gross misconduct, and demonstrated a conscious and reckless disregard for the rights of the Decedent.

WHEREFORE, Plaintiffs prays for judgment against the Defendants, and each of them, in an amount in excess of jurisdictional minimums, for court costs and expenses incurred as a result of needing to pursue this cause of action, for past and future medical care, for all economic damages allowed, for all non-economic damages allowed, including emotional distress, loss of services, loss of son/parent, for all lost income, and for such other and further relief as the Court deems just and proper under the circumstances.

## DEMAND FOR A JURY TRIAL

Plaintiffs hereby demand a trial by jury.

Respectfully submitted by:

THE POPHAM LAW FIRM

*/s/ Thomas J. Porto*
**Thomas J. Porto ##26214**
**Mark Schloegel #26349**
**712 Broadway, Suite 100**
**Kansas City, Missouri 64105**
**T: (816) 221-2288**
**F: (816) 221-3999**
tporto@pophamlaw.com
mark@pophamlaw.com