IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| H.S., a minor, by guardian<br>KATHRYN GUINAN, | )<br>)<br>) | CIVIL ACTION |
| **Plaintiff,** | ) | |
| v. | ) | No. 22-2175-KHV |
| | ) | |
| FEDEX GROUND PACKAGE SYSTEM, INC., | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

A hearing on the parties' Joint Motion To Approve Wrongful Death Settlement (Doc. #68) filed June 8, 2023 is scheduled for June 14, 2023. Earlier today, to give the parties notice as soon as possible, the Court overruled by text entry the Joint Motion To Conduct Hearing Under Seal Or Alternatively To Seal All Exhibits From Public Disclosure (Doc. #69) filed June 8, 2023. See Order (Doc. #70). This Memorandum and Order sets forth the Court's reasoning in overruling the parties' motion to seal.

Federal courts have long recognized a common-law right of access to judicial records. Mann v. Boatright, 477 F.3d 1140, 1149 (10th Cir. 2007). This right stems from the fundamental public interest in understanding disputes that are presented to a public forum for resolution. See Nixon v. Warner Commc'ns, 435 U.S. 589, 599 (1978); Crystal Grower's Corp. v. Dobbins, 616 F.2d 458, 461 (10th Cir. 1980). The party seeking to overcome the presumption of public access must show that some significant interest which favors non-disclosure outweighs the public interest in access to court proceedings and documents. Colony Ins. Co. v. Burke, 698 F.3d 1222, 1241 (10th Cir. 2012). To do so, the party must articulate a real and substantial interest that justifies depriving the public of access to the records that inform the Court's decision-making process. Id.;

see Gulf Oil Co. v. Bernard, 452 U.S. 89, 102 n.16 (1981) (moving party must submit particular and specific facts, not merely "stereotyped and conclusory statements").  The Court must rely on specific, rather than general, information when deciding to seal.  See United States v. Bacon, 950 F.3d 1286, 1294 (10th Cir. 2020).

The parties seek an order which closes the hearing on the approval of their settlement agreement or, alternatively, which seals the settlement documents so that the public cannot determine the amount of the settlement.  The parties speculate that public disclosure of the settlement amount could bring unnecessary harassment to the minor and "obfuscate custodians who truly have the best interest of the minor at heart" as part of custody proceedings in Connecticut.  Joint Motion To Conduct Hearing Under Seal Or Alternatively To Seal All Exhibits From Public Disclosure (Doc. #69) at 2.  The parties do not explain the basis for their suspicions or why they doubt that the Connecticut court can assess who truly has the best interest of the minor at heart.  The parties also argue that the settlement amount should not be disclosed because they have a significant interest in maintaining the agreed confidentiality of the settlement.  The Court recognizes that preserving the confidentiality of settlement agreements may encourage settlement of pending cases.  Even so, public access to the settlement terms of lawsuits might equally encourage resolution of disputes before claimants file a lawsuit.  In any event, in addition to the general interest of public access, the public has an interest in the settlement of a case involving a wrongful death involving a large employer.  On balance, the parties have not shown how their interest in keeping the terms of their agreement confidential outweighs the public interest in access.  See Colony Ins., 698 F.3d at 1242.  The Court therefore overrules the parties' motion to seal.

**IT IS THEREFORE ORDERED** that the Joint Motion To Conduct Hearing Under Seal Or Alternatively To Seal All Exhibits From Public Disclosure (Doc. #69) filed June 8, 2023 is

**OVERRULED**.

Dated this 12th day of June, 2023 at Kansas City, Kansas.

s/ Kathryn H. Vratil<br>
KATHRYN H. VRATIL<br>
United States District Judge